**STATE, ex rel. MECARTNEY, Relator, v HUMMEL, Secretary of State of Ohio, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 4136. Decided March 11, 1948.

Frank E. Mecartney, Columbus, George S. Hawke, Cincinnati, for relator.

Hon. Hugh S. Jenkins, Atty. Genl., E. G. Schuessler, Chief Counsel, Columbus, for respondent.

## OPINION

By MILLER, J.

This is on demurrer to the petition for the reason that the same does not state a cause of action. The petition of the relator alleges that he is a member of the Prohibition Party and that he has been duly nominated by said party as its candidate for the office of United States Senator to be voted on at the general election to be held on November 2, 1948; that in order to secure a place on the ballot for the Prohibition candidates for president and vice president of the United States the relator requested and received from respondent a printed form of nominating petition (a copy of which is attached to the petition), which printed form contains no provision whereby the names of the National Prohibition Party's candidates and vice president could be set out thereon.

It is further alleged that the relator thereupon filed with the respondent his written objection to such form of nominating petition on the ground that the same contained no provisions which permitted him the right to vote for Prohibition Party candidates for president and vice president of the United States, and that the respondent replied to the relator that because of certain sections of the General Code and the interpretation of the Attorney General thereof, he was unable to comply with the relator's request.

The relator prays that a writ of mandamus issue commanding the respondent to forthwith prepare and have printed proper forms of nominating petitions and to later prepare ballots, and in the event the relator and those associated with him file with the respondent, in accordance with law, a nominating petition, that a column be printed on the Ohio presidential ballot for the November 2, 1948, general election showing, under the caption of the Prohibition party, the names of the persons nominated by said party as candidates for president and vice president of the United States at its national convention in 1947.

Mandamus is defined in §12283 GC as follows:

"Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station."

Under this section it is fundamental that the act, the performance of which is sought to be enforced, must ·be one which is specially enjoined as' a duty resulting from an office, trust or station. If the act is one which is not specially enjoined it follows that mandamus does not lie to compel the performance thereof. We are unable to find in the statutes of Ohio any provisions of law enjoining upon the Secretary of State the duty to prepare and have printed nominating petitions for the office of president and vice-president of the United States. Since the law creates no such duty the performance thereof cannot be compelled by mandamus.

Sec. 4785-107 GC, which prescribes the form of the presidential ballot, makes no provision for the placing on the ballot of the names of those candidates nominated by petition for the office of president and vice president of the United States. This section provides for placing on the ballot only the names of those nominated for these offices by the national conventions of those political parties to which delegates and alternates were elected at the next preceding primary election. If the names of independent candidates for president and vice president cannot be placed upon the ballot, certainly the respondent cannot be required to approve the form of such nominating petition. The relator is contending, however, that §4785-107 GC is in violation of the Constitution of the United States and the Bill of Rights of the State of Ohio in that it denies an equal protection of the law. The 14th Amendment to the Federal Constitution declares that no state ·shall deny to any person within its jurisdiction the equal protection of the laws. Section 2 of the Ohio Bill of Rights provides that all political power is inherent in the people, that the government is instituted for their equal protection and benefit. The above stated provision of the 14th amendment to the Constitution of the United States has been stated not to be broader than the second section of the Ohio Bill of Rights. **State, ex rel. Schwartz v Ferris, 53 Oh St 314; State, ex rel. Webber v Felton, 77 Oh St 554.** The Ohio Constitution is said to ordain absolute equality of right and opportunity and to require all laws, to be valid, to operate equally upon all persons of the same class. **Hamann v Heekin, 88 Oh St 207; Hocking Coal Company v Rosser, 53 Oh St 12; State v Gardiner, 58 Oh St 599.** There can be no discrimination in favor of the rich or poor. All stand upon an equality under the provisions of the Constitution and it is this equality that is the pride and safeguard of all. A guaranty of equal protection, however, does not dispense with all classification. The guaranty

is fully complied with when the law operates equally upon each member of the constitutional class. **Xenia v Schmidt, 101 Oh St 437; Renner Brewing Co. v Rolland, 96 Oh St 432.** A classification based upon proper and justifiable distinctions considering the purpose of the law or on distinctions that the Court cannot pronounce unreasonable and purely arbitrary is valid. **Wessell v Timberlake, 95 Oh St 21; White v Finley, 108 Oh St 475; 8 O. Jur. p. 635.**

We are of the opinion that §4785-107 GC is neither unreasonable nor arbitrary. The Prohibition Party or any other party may have its candidates for president and vice president of the United States placed upon the ballot by qualifying as a party under the requirements of §4785-61 GC, holding a national convention and nominating its candidates. This it has not chosen to do. The requirements are the same for all political parties and therefore there can be said to be no discrimination.

WISEMAN, PJ, and HORNBECK, JJ, concur.

The demurrer is sustained.